UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH POINDEXTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 08 cv 02599 |
| vs. | ) | |
| | ) | Judge Conlon |
| OFFICER JASON FORD, et al., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants | ) | |

**OFFICER JASON FORD'S MEMORANDUM OF LAW IN SUPPORT
OF HIS RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the defendant, Jason Ford, by and through his attorneys, Litchfield Cavo, LLP, and in support of his renewed motion for judgment as a matter of law directed to Poindexter's failure to provide medical attention claim, states as follows:

## I.　INTRODUCTION

In his second amended complaint, Poindexter attempts to allege (1) claims for excessive force and (2) a failure to provide medical assistance. (See document 50 at page 5). Jason Ford has answered the second amended complaint and denied the material allegations contained therein. The evidence Poindexter presented, combined with all reasonable inferences reasonably drawn in his favor, is legally insufficient to support a verdict on his failure to provide medical assistance claim. Consequently, Ford is entitled to judgment as a matter of law as to Poindexter's failure to provide medical attention claim.

## II.　LEGAL STANDARD

Rule 50(a) allows a court to render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." See FRCP 50(a).

The standard for granting judgment as a matter of law "mirrors" that for the granting of summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)). As a result, in ruling on a motion for judgment as a matter of law a court must consider the record in its entirety and view the evidence in a light most favorable to the party against whom judgment is sought. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.2d 922, 924 (7th Cir. 2000). Credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the evidence rest solely with the jury, not the trial court. *Reeves*, 530 U.S. at 150. If reasonable persons could not find that the evidence justifies the decision for a party on each essential element of his claim, the court should grant judgment as a matter of law – before trial under Rule 56, later under Rule 50 and using the same federal standard each time. *Diamer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 343 (7th Cir. 1995).

### III. POINDEXTER FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF HIS FAILURE TO PROVIDE MEDICAL ASSISTANCE CLAIM

#### A. Poindexter has failed to show that Ford was deliberately indifferent to medical needs.

Poindexter alleges that Ford violated his 14th Amendment due process rights because he was deliberately indifferent to a serious medical need. Claims of pre-trial detainees, such as Poindexter, are brought pursuant to the 14th Amendment's due process clause, but are analyzed like claims brought by prisoners pursuant to the 8th Amendment's Cruel and Unusual Punishment Clause. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758 (7th Cir. 2005).

To establish a deprivation of his due process right to adequate medical care, a pre-trial detainee must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. See *Quian*, 168 F.3d at 955. The objective aspect of this inquiry concerns the pre-trial detainee's medical condition. The condition must be an injury that

is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); See also *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). A plaintiff who satisfies this objective component must also tender sufficient evidence to meet the subjective prong of this inquiry. Toward that end, a plaintiff must establish that the relevant official had "a sufficiently culpable state of mind to the detainee's health or safety." See *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. See *Payne*, 161 F.3d at 1040. Instead, deliberate indifference is "simply a synonym for intentional reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Quian*, 168 F.3d at 955. Put differently, to establish deliberate indifference, the plaintiff must proffer evidence demonstrating that the official was aware of substantial risk of serious injury to the detainee, but nevertheless failed to take appropriate steps to protect him from a known danger. See *Payne*, 165 F.3d at 1041. In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins,* 178 F.3d at 510. If the official recognizes a substantial risk, he is nonetheless free from liability if he "responded reasonably to the risk, and even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

The testimony submitted during plaintiff's case in chief demonstrates Poindexter's inability to establish deprivation of his due process right to medical care. In particular, Poindexter failed to establish that Ford had or acted with a "sufficiently culpable state of mind."

See *Farmer*, 511 U.S. at 834. According to Poindexter, he was transported to the Orland Park police department in a squad car, and while inside the squad car, he did not request medical treatment. On arriving at the Orland Park police department, he was processed and placed in a holding cell. He claims that he told the "detainee aids" that he was in pain because he had been beaten by police officers. The "detainee aids" informed him that he could do nothing until the arresting officer came in. Ford then was placed in a holding cell and thereafter fell asleep. When he was awakened for breakfast, he informed the Orland Park personnel that he was still in pain and needed to go to the hospital. The "detainee aids" informed Poindexter that he would have to wait until the arresting officer came in. Poindexter did not eat breakfast, but instead fell back to sleep. Later that morning, Poindexter was awakened by Officer Ford, who asked him to sign a consent to search his vehicle, which Poindexter agreed to do. Poindexter testified that during this meeting he requested medical assistance from Officer Ford and Officer Ford told him that once everything was straightened out, he (Poindexter) would be taken to the hospital.

Poindexter's claim should fail because the conduct he attributes to Officer Ford does not rise to the level of deliberate indifference. Under no circumstance could a reasonable trier-of-fact conclude that Officer Ford's post-arrest alleged failure to provide assistance amounted to gross negligence, let alone intentional or criminal recklessness. Consequently, Officer Jason Ford is entitled to judgment as a matter of law as to plaintiff's denial of provide medical assistance claim.

> **B.** **Officer Ford is entitled to judgment as a matter of law by virtue of Poindexter's failure to show that any delay receiving medical treatment caused him to suffer substantial harm.**

Where a plaintiff complains of the delay in receiving medical treatment, rather than the treatment itself, he must show that the delay caused him to suffer substantial harm. *Langston v. Peters*, 100 F.3d 1235 (7th Cir. 1996). Regardless of motives, a defendant's failure to obtain

4

immediate medical care for a plaintiff constitutes an 8th Amendment violation only if the delay was "objectively, sufficiently serious" to constitute "the denial of the minimal civilized measures of life's necessities." *Langston*, 100 F.3d at 1240. Accordingly, something more than mere delay is needed to show deliberate indifference. *Bustamonte v. City of Chicago Police Department*, 1993 WL 369325 at *2 (N.D. Ill. September 20, 1993). To establish a delay of a constitutional violation a plaintiff must place verifying medical evidence in the record to establish the detrimental effect, that is, the substantial harm caused by delay in medical treatment. *Id*. See *Beverbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995).

Here, irrespective of whether Ford actually knew of any pain or injury experienced by Poindexter, the fact remains that Poindexter has not and cannot show that he sustained substantial harm as a result of the alleged delay in medical treatment he claims was caused by Ford. It undisputed that Poindexter transported from the Orland Park lockup to Palos Community Hospital on April 7, 2007 at approximately 8:04 a.m. It is also undisputed that after he arrived at the Palos Community Hospital emergency room, he was seen by Dr. Cordero and received treatment. While Poindexter has claimed that the alleged delay caused him to suffer pain, he presented no verifying medical evidence to support that claim. Despite calling Dr. Cordero as a witness in his case in chief, Poindexter nevertheless failed to elicit testimony or evidence from him or any witness which would permit a reasonable trier-of-fact to conclude that any delay in treatment caused Poindexter to suffer substantial harm. Instead Dr. Cordero testified that any alleged delay in treatment did not cause plaintiff to suffer substantial harm and did not require additional treatment of any kind. As a result, the denial of medical care should be dismissed.

The Seventh Circuit decision in *Cooper v. Casey* 97 F.3d 914 (7th Cir., 1996) is distinguished only and has no real application to the instant case. The plaintiffs in *Cooper* allege that several guards in the prison beat them and refused to give them medical assistance. Unlike *Poindexter*, the *Cooper* plaintiffs claimed a denial of medical care as opposed to a delay in providing medical assistance. See *Cooper* 97 F.3d at 916. In *Cooper* the plaintiffs claimed that they requested medical assistance after they were assaulted but the officers responded with expletives. *Id.* Additionally, the arguments defendants raised in *Cooper* differ from those raised on behalf of Officer Ford. In *Cooper*, the defendants contended that the plaintiffs' injuries were too slight to create a constitutional entitlement to medical treatment and there was no evidence that they knew that plaintiffs had been injured. Here, the issue does not involve denial of medical treatment but whether any alleged delay in providing medical assistance caused the plaintiff substantial harm. Accordingly, *Cooper* the language plaintiffs rely or in does not apply to his delayed medical assistance claim.

### IV.     JASON FORD IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S DENIAL OF MEDICAL ASSISTANCE CLAIM

####    A.     Poindexter fails to allege a constitutional violation.

The issue of qualified immunity is a question of law for the court to decide. *Alvarado v. Picur*, 859 F.2d 448, 450 (7th Cir. 1998). In determining whether a defendant is entitled to qualified immunity, the district courts apply a two-part test: First, the court must decide whether the allegations contained in the complaint set forth a constitutional violation. If such a violation did occur, the court must then determine whether the right was so clearly established at the time of the alleged violation that a reasonable officer would have known his actions were unconstitutional. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151 (2001). To give effect to the doctrine, qualified immunity should be resolved at the earliest stages of the litigation. *Ellis v.*

*Wynalda*, 999 F.2d 243 (7th Cir. 2003). The Supreme Court has recently concluded that judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 2009 WL 128768 (2009).

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Denius v. Dunlap*, 219 F.3d 944, 950 (7th Cir. 2000). Qualified immunity protects an official from suit when he "makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Ford is entitled to qualified immunity with respect to any putative claim for denial of medical care because Poindexter has utterly failed to establish a constitutional violation. A delay in providing access to medical care to a detainee does not, by itself, violate the constitution. *Duane v. Lane*, 969 F.2d 673, 677 (7th Cir. 1992); *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987); *Anderson v. O'Keefe*, 897 F.Supp. 1093, (N.D. Ill. 1995). To establish a constitutional violation, Poindexter was required to show that he suffered "substantial harm" as a result of delay in receiving medical care. See *Bustamonte v. City of Chicago Police Department*, 1993 WL 369325, at *2 (N.D. Ill. 1993); *Nelson v. Stover*, 2004 WL 726133 (N.D. Ill. 2004). In order to establish a constitutional violation, Poindexter was required to place verifying medical evidence in the record which showed that the alleged delay in providing medical treatment caused him substantial harm. *Id*. (Citing *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.

1995)). Even if Ford actually knew of any pain or injury experienced by Poindexter, nevertheless Poindexter failed to show that he sustained substantial harm as a result of any alleged delay in medical treatment. Since Poindexter has obviously failed to establish a violation of his constitutional rights, Ford is entitled to qualified immunity.

      **B.    It would not have been clear to a reasonable officer that Ford's alleged failure to provide medical assistance was unlawful.**

Even if Ford has somehow shown that Ford's alleged failure to obtain immediate medical care constitutes an 8th Amendment violation, he is unable to show that the right in question was clearly established. In deciding whether a constitutional right is clearly established, the relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation the officer confronted. *Payne v. Pauley*, 377 F.3d 767- 76 (7th Cir. 2003). A right is not clearly established if officers of reasonable competence could disagree on the issue. *Hinnen v. Kelley*, 992 F.2d 140, 142-143 (7th Cir. 1993). The availability of qualified immunity "turns on the objective legal reasonableness" of the actions taken by the defendant. *Paul v. Ryan*, 957 F.2d 402, 404 (7th Cir. 1992) (Quoting *Anderson v. Creighton*, 483 U.S. 635, 639 107 S.Ct. 3034, 3038 (1987). When a defendant seeks immunity from suit by invoking the doctrine of qualified immunity, plaintiff has the burden of establishing the existence of a clearly established right. *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1174 (7th Cir. 1997). This burden requires the plaintiff to offer either closely analogous case or evidence that defendant's conduct is so patently violative of the constitution right that reasonable officers would know without guidance from the courts." *Castell v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). Once a defendant has pled qualified immunity, the plaintiff has the burden to demonstrate the existence of a clearly established right. See *Estate of Stevens*, 105 F.3d at 1174. Given the nature of

qualified immunity review, the doctrine leaves "ample room for mistakes in judgment by police officers." See *Payne v. Pauley*, 337 F.3d at 776.

Poindexter testified that after his arrest he was transported to the Orland Park police station. While he was en route to the station, he did not request medical care. He testified that upon arriving at the Orland Park station he requested medical assistance from the "detainee aid" who was assigned to the Orland Park lockup. If Ford is to be believed, the detainee aids did not summon medical assistance, but instead told him that he had to wait until he was interviewed by the arresting officer. Shortly thereafter, Poindexter fell asleep and was awakened the following morning by Officer Ford. Poindexter told Ford that he "once he gets this straightened out" see to it that Poindexter was provided with medical assistance. Even when taken in the light most favorable to the plaintiff, the testimony and evidence would not suggest to a reasonable officer that Officer Ford's alleged failure to provide immediate medical assistance violated constitutional rights clearly established by law. If Poindexter is to be believed, he asked to provide him with medical assistance one occasion and that request took place several hours after Poindexter was arrested. Since plaintiff presented no evidence of any substantial harm associated with the alleged delay in treatment, a reasonable official would not believe that any delay in treatment would cause plaintiff substantial harm.

V.  **CONCLUSION**

For the reasons stated above, the defendant, Jason Ford, respectfully requests that this court grant him judgment as a matter of law as to Poindexter's failure to provide medical attention claim.

LITCHFIELD CAVO, LLP.

| | | |
|---|---|---|
| Patrick J. Ruberry, Esq. #06188844 | | |
| Jeannine S. Gilleran  #06217488 | By: | /s/ Patrick J. Ruberry |
| LITCHFIELD CAVO, LLP | | Attorney for Defendant, |
| 303 West Madison Street , Suite 300 | | Officer Jason Ford |
| Chicago, IL 60606-3300 | | |
| (312) 781-6677 | | |
| (312) 781-6603 | By: | /s/ Jeannine S. Gilleran |
| (312) 781-6630 fax | | Attorney for Defendant, |
| | | Officer Jason Ford |

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Officer Jason Ford's Memorandum of Law in Support of Rule 50 Motion for Judgment as a Matter of Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 2nd day of March, 2010.

/s/ Patrick J. Ruberry
Attorney for Defendant,
Officer Jason Ford

Patrick J. Ruberry, Esq. #06188844
Jeannine S. Gilleran  #06217488
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6603
(312) 781-6630 fax